Page 2

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

RECEIVED
2006 JUN 20 A 10:04

| United States District Court | District | United States Middle District P.O. Box 711, Montgomery, AL 36130 |
|---|---|---|
| Name (under which you were convicted): Terry Leon Carr #142607 | | Docket or Case No.: CV-3:06CV547-MHT |
| Place of Confinement: P.O. Box 5107 Union Springs, AL 36089 | | Prisoner No.: #142607 |

| Petitioner (include the name under which you were convicted) Terry Leon Carr | v. | Respondent (authorized person having custody of petitioner) State of Alabama 11 Union Street, Montgomery, AL 36130 |
|---|---|---|
| The Attorney General of the State of Alabama, et al Respondents | | |

**PETITION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging: Lee County Criminal Court, 2311 Gateway Drive, Opelika, AL 36803

    (b) Criminal docket or case number (if you know): # CC-85-745

2. (a) Date of the judgment of conviction (if you know): _____

    (b) Date of sentencing: 10-31-85

3. Length of sentence: Natural Life w/o Possibility of Parole violate Const 8th

4. In this case, were you convicted on more than one count or of more than one crime?   Yes ☑   No ☐

5. (Identify all crimes) of which you were convicted and sentenced in this case: Involuntarly Manslaughter Murder, By The Lesser Degree of Instruction 13A-1-9(a), 13A-6-2, 13A-6-3, 13A-6-4(a) A person commits the crime of Criminally Negligent Homicide if he causes the death of another person by criminal negligence 13A-6-4(c) Criminally Negilegence is a Class (A) Misdemeanor Acts 1977, No 607 P. 812

6. (a) What was your plea? (Check one)

    (1) Not guilty ☐   (3) Nolo contendere (no contest) ☐

    (2) Guilty ☐   (4) Insanity plea ☐

    (5) Not Guilty By Reason of Insanity beening unable to Participate In Criminal Trial, did violate Const, Amendment 6th, The right to a fair Trial SEE 770 So.2d 642 e.g.

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _I'm sure I plead Not Guilty to, Involuntarly manslaughter murder for Premise: 13A-6-4 (c) defined: e.g_

(c) If you went to trial, what kind of trial did you have? (Check one)
Jury ☑ BATSON   Judge only ☐

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?
   Yes ☐   No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒   No ☐

9. If you did appeal, answer the following:
   (a) Name of court: _Court of Criminal Appeal_
   (b) Docket or case number (if you know): _____
   (c) Result: _whether the Court was Aware (The Batson Jury)?_
   (d) Date of result (if you know): _Approx: 28 U.S.C. 2254_
   (e) Citation to the case (if you know): _CV —_
   (f) Grounds raised: **I.** _When the Trial Court failure to Instruct on All the Elements of lesser Degree of Criminally Negilent Homicide did The Trial Court Erre? Answer: where federally Protected rights have been Invaded Courts will be Alert to Adjust their Remedies so As to grant The Necessary Relief, Regents V. Bakke 684, 90 Led 939, 66 S.Ct. 773,_
   (g) Did you seek further review by a higher state court?   Yes ☑   No ☐
   If yes, answer the following:
     (1) Name of court: _Court of Criminal Appeal_
     (2) Docket or case number (if you know): _CV —_
     (3) Result: _Pursuant Rule 32.10, 32.(3)_
     (4) Date of result (if you know): _See approximate 28 U.S.C. 2254 U.S.C.A_
     (5) Citation to the case (if you know): _Presier V. Rodriguz, 411 U.S. 487-499) Info:_
     (6) Grounds raised: **II.** _Whether The State Court was In Compliance Exparte Bontwright, 427 So.2d 1257 (Ala, 1985) citing Evitt V. Lucey, 469 U.S. 387 (1985) Becning Jurisdiction, for valid Evidentary Hearing on Constitution Amendment (Six) Issues and Retroactive grounds, of Misdemeanor Imprisoment? At: Involuntarymanslaughter (felony or misdemeanor)?_

(h) Did you file a petition for certiorari in the United States Supreme Court? (AL.)   Yes ☑  No ☐

   If yes, answer the following:

   (1) Docket or case number (if you know): _Court Criminal Appeals 2-14-90_

   (2) Result: _Whether 13A-1-9(2) 13A-6-4 (C) Is [2] Criminal Negilent Felony?_

   (3) Date of result (if you know): _Pursuant 28 U.S.C. 2254_

   (4) Citation to the case (if you know): _For Specific Release 411 U.S. 487, at 449_

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

   Yes ☑  No ☐

11. If your answer to Question 10 was "Yes," give the following information:

   (a) (1) Name of court: _In The Lee County Circuit Court Rule 32.(6)(b)_

   (2) Docket or case number (if you know): _____

   (3) Date of filing (if you know): _____

   (4) Nature of the proceeding: _The Rule 32.(6)(b)_

   (5) Grounds raised: _Raised Issues of Unconstitutional Strickland Vs Washington Issues, 466 U.S. 668 (1984) E.g. The Trial Court Knowing By The Jury Voired, Constituting (An All White Jury) Retroactive Denied The Accused His Rights i.e. to A Fair Trial, while (2) Violating Batson V. Kentucky Issues (Retroactive) the Defendant Beening Negro Male Whether The Batson Impaneled Jury Violated Const, 6, 14 to the United States Constitutions?_

   (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

   Yes ☑  No ☐

   (7) Result: _the Batson Issue Remains A.R.Crim.P.Rule 27.(1)_

   (8) Date of result (if you know): _For New Trial, Unknowned_

   (b) If you filed any second petition, application, or motion, give the same information:

   (1) Name of court: _Court of Criminal Appeals_

   (2) Docket or case number (if you know): _28 U.S.C. 1253 Denied_

   (3) Date of filing (if you know): _On Newely Discovered Evidence (see)_

   (4) Nature of the proceeding: _361 So.2d 1106-1107_

   III. (5) Grounds raised: _III. Whether The Trial Judge Errored By failure to give All the Requested Instruction on All the Elements of Homocide murder (1) Constituting Lesser Degree for 13A-1-9, Code 1975, 13A-6-4, 13A-6-2 Whether Involuntarly murder Is Defined By Black's Law As [sic] Elevated Felony, U.S.C.A. 14, 6, 13 Amendments U.S.C.A?_

III.

(2) where the Trial Court must Have Erred to Reversal, 361 So.2d 1106-1107 In failure to give the Requested Instruction, Did Violate the Petitioner Secured Constitutional rights

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
Yes ☑ No ☐  Hopefully By 28 U.S.C. 2254

(7) Result: writ ad Testicum

(8) Date of result (if you know): approx: 2006

(c) If you filed any third petition, application, or motion, give the same information: (Middle District U.S. Court)

III.
(1) Name of court: Pendent Court Jurisdiction 28 U.S.C. 1343(a)

(2) Docket or case number (if you know): CV —

(3) Date of filing (if you know): approx: June/2006

(4) Nature of the proceeding: IV. Whether Habeas Corpus Is

(5) Grounds raised: Available to Effect discharge from Any Confinement Contrary to The Constitutions or Violation of fundamental Law, where The Lee County Court used A Batson vs. Kentucky Jury lie to obtained [A] Defective Conviction where relief sought: Exparte Watkins, 3 Pet 193, 7, L.Ed 650 (1830), Exparte Lange, 18 Wall 163, 21, led 872 (1874) Fay v. Noia 9 L.Ed 2d 837 At 469 n 17, whether Conviction Is Unconstitutional?

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? 1.
Yes ☐ No ☐   *                     1. See Ostrander v.
(7) Result: Sap                     * Green 46 f.3d 347 (1995)

(8) Date of result (if you know): when Court Records found from Batson Jury.

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:   Yes ☑ No ☐  Direct appeal
(2) Second petition:  Yes ☑ No ☐  Rule 32 Dismissed
(3) Third petition:   Yes ☑ No ☐  Cert. S.ct. Denied

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: Pursuant 15-19-1

IV. The Petitioner was Convicted [By] All White Jury 2. when the Petitioner Is Blackman, Preserved Issues 2. of Batson V. Kentucky supra, where The Supreme court of Washington D.C. (Has Label Any Batson V. Kentucky) Voided, as unconstitutional Jury (2) And same did Contribute, to unconstitutional Life Sentence Impose i.e. to Cover the Batson, Violation [,] 28 U.S.C. 2254 ***"

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

<u>CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

**I.**

GROUND ONE: 3. _Involuntary manslaughter murder is not even a felony 13A-1-9(a) 13A-6-4(c)_

**II.**

(a) Supporting facts 4. (Do not argue or cite law. Just state the specific facts that support your claim.): 3.
_Acts 1988, 1st. Session, No. 88-916 P. 510_
_See Chmers v. State, 361 So.2d_

II. _Did The Trial Judge Err In failure to Instruct on All the Elements Constituting Murder?_
_13A-1-9(a) 13A-6-2, 13A-6-3, 13A-6-4(c) Code 1975)_

**4.**

**III.**
5.
(b) If you did not exhaust your state remedies on Ground One, explain why: _13A-6-4(c)_
_Is Not a felony for Purpose of Batson v. Kentucky 5._
_Supra Empaneled Jury Voired U.S.C.A 28 USC 2254_
_To: Obtained U.S. Release (See 411 U.S. at 487] at 449_

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐  No ☒

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _The majority of Jury Voir-Voired Records was Lost_
6.

(d) **Post-Conviction Proceedings:**

(1) <u>Did you raise this issue</u> through a post-conviction motion or petition for habeas corpus in a state trial court?
6.
Yes ☒  No ☐

(2) If your answer to Question (d)(1) is "Yes," state:
Type of motion or petition: _Pursuant A.R.Crim P. (Appeal 32.10)_
Name and location of the court where the motion or petition was filed: 7._ United States Federal District Court P.O. Box 711, Montgomery, AL. 36130_
Docket or case number (if you know): 7. _CV-_
Date of the court's decision: _____
8.

8.
Result (attach a copy of the court's opinion or order, if available): _____
_____

(3) Did you receive a hearing on your motion or petition? Pursuant 46 f.3d 347 E.g.

    Yes ☐   No ☐

(4) Did you appeal from the denial of your motion or petition?

    Yes ☐   No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

    Yes ☐   No ☐

(6) If your answer to Question (d)(4) is "Yes," state:
Name and location of the court where the appeal was filed: Court of Appeal 345 Dexter Ave Montgomery, AL. 36130

Docket or case number (if you know): _____
Date of the court's decision: _____
Result (attach a copy of the court's opinion or order, if available): Ceeti (Denied)

9.
(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

Records was Lost from Batson V. Kentucky Trial "State vs. Terry L. Carr #142607

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: 13A-6-4 (C) Is Not Felony for Appeals Purpose 28 USC 2244-54, et seq 28 USC 2671, seq. [,]

9.
II.
GROUND TWO: Chavers V. State 361 So 2d 1106-1107 Contends 10. the Trial Judge did Error to Reversal In Denying Instruction 13A-1-9(a) ?

10.
(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____

Was The Batson Vs Kentucky, (All white Jury Proper.) 11. When the Petitioner, In the Lee County Convicting Court was (Black Negro)

11.
At, State Vs. Terry Carr e.g

12.    12.

(b) If you did not exhaust your state remedies on Ground Two, explain why: _Records from Trial Court Lost, Violated Bounds Vs. Smith supra U.S.C.A 28 USC 2254_

13.

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☑  No ☐

13.

(2) If you did not raise this issue in your direct appeal, explain why: _Batson V. Kentucky?_

13.

(d) **Post-Conviction Proceedings:**

14.

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
Yes ☑  No ☐

(2) If your answer to Question (d)(1) is "Yes," state:
Type of motion or petition: _Certi, to the Supreme Court Alabama Denied_

14.

Name and location of the court where the motion or petition was filed: _345 Dexter, Ave. Montgomery, AL. 36103_

15.

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _The Lee County Trial Court Has Denied the Petitioner_ 15. _Copyies of All (the InCourt Proceeding) Constitution - Conviction, Due to The Hidden, Batson, Jury Issue U.S.C. 6, 14, 13, Amendment (2006)_

15. 16. 16. 13.

(3) Did you receive a hearing on your motion or petition?
Yes ☐  No ☑

(4) Did you appeal from the denial of your motion or petition?
Yes ☑  No ☐  _By Rule 32. A.R.Crim.p_

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
Yes ☑  No ☐  _Batson Vs Ky — yes_

(6) If your answer to Question (d)(4) is "Yes," state:
Name and location of the court where the appeal was filed: _Court of Appeals 345 Dexter, Ave. Montgomery, AL. 36130_

17.

Docket or case number (if you know): _____

17.

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

17.

18.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

~~_____~~

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: 28 U.S.C. 2671 et seq
28 U.S.C. 1343 (a)
Hagan v. Levine 415 U.S. 528 (1967)

GROUND THREE: filed motions for Reduction of Sentences 13A-6-4 (c) Appeals Rule 32.10 etc.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Humphrey v. Cady 405 U.S. 504 (31 L.ed 2d 394) 92 S.ct. 1048 (1972) That Petitioner was Denied His Constitutional rights at Trial CC-85-745 as In Johnson v. Zerbst, that his Plea to Indictment was Invalid, due to the Insanity as In VonMoltke v. Gillies 332 U.S. 708

(b) If you did not exhaust your state remedies on Ground Three, explain why:
From Common Nucleus of the operative facts 415 U.S. 528 (28 U.S.C. 1343(a) ( 68 S.ct 316 — 1948)

(c) **Direct Appeal of Ground Three:**
(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐ No ☐   Pendent Court

(2) If you did not raise this issue in your direct appeal, explain why: Record Lost From Jury Trial

(d) **Post-Conviction Proceedings:** 28 U.S.C. 2254 Terry Carr, Prose v. Respondents
(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
Yes ☒ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:
Type of motion or petition: Writ Ad Testicum 28 U.S.C. 2254
Name and location of the court where the motion or petition was filed: Middle District U.S. Court, P.O. Box 711, Montgomery, AL. 36130

Docket or case number (if you know): _____
Date of the court's decision: _____
Result (attach a copy of the court's opinion or order, if available): ___Banks v. Smith ?___
21.
_____

(3) Did you receive a hearing on your motion or petition?
    Yes ❏  No ❏

(4) Did you appeal from the denial of your motion or petition?
    Yes ❏  No ❏

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
    Yes ❏  No ❏

(6) If your answer to Question (d)(4) is "Yes," state:
Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____
Date of the court's decision: _____
Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:
_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: ___21.___

IV.

GROUND FOUR: ___770 So. 2d 195/642 Blankinship vs State e.g___
-22.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____
22.
V.
FRCP 8(a)(2)

(b) If you did not exhaust your state remedies on Ground Four, explain why: _Involuntary manslaughter is not a felony_ 23.

See (Black's Law Dictionary, 2006)

(c) **Direct Appeal of Ground Four:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?
   Yes ☑  No ☐

   (2) If you did not raise this issue in your direct appeal, explain why: _13A-6-2, Code 1975_
   E.G 23.

(d) **Post-Conviction Proceedings:**

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
   Yes ☑  No ☐
   23. (411 U.S 487)  Denied
   28 USC 1253

   (2) If your answer to Question (d)(1) is "Yes," state:
   Type of motion or petition: _Writ Ad Testimony (Fed) Rule 56(e)_
   _(Rep 8(a)(2))_
   Name and location of the court where the motion or petition was filed: _Middle District United States Court_
   24.
   Docket or case number (if you know): _CV-_  24.

25. Date of the court's decision: _____

   Result (attach a copy of the court's opinion or order, if available): _____
   25.

   (3) Did you receive a hearing on your motion or petition? 26.
   Yes ☐  No ☐

   (4) Did you appeal from the denial of your motion or petition? 26
   Yes ☐  No ☐

   (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
   Yes ☐  No ☐  27.

   (6) If your answer to Question (d)(4) is "Yes," state:

   Name and location of the court where the appeal was filed: _____
   27.

   Docket or case number (if you know): _CV-_
   Date of the court's decision: _____
   Result (attach a copy of the court's opinion or order, if available): _____
   28.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_Batson v. Kentucky e.g_
_28._

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _whether Habeas Corpus In U.S. Court Is The Proper Remendy for Release from Any Conviction_
_28._

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   Yes ☒  No ☐  _By Prose, e.g 28._

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _13A-6-4(c) Code 1975  361 So.2d 1106, Exparte Chavers II, e.g U.S.C.A._
_29._

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _whether A Mental Health Inmate Could Properly Defend Him Self, By Inneffective Counsel 466 U.S. 668 e.g ?_
_29._

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   Yes ☒  No ☐

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.
_30._

14.  _I.d._
_30._

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Facts: Untill the Lee County Trial Court Relocate, The Batson Jury Trial (Transcript) from Jury Voir at Voired

The Timeliness of Appeals dont Begin to Run Until the Batson Jury Trial Transcript Is found

At )
State ) CC-85-745
vs )
Terry Carr ) e.g
Petitioner )

403 U.S. 388
328 U.S. 640 (1946) [4]

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: _for which he Believe He Is ENTiTled from UNConstitutinal Batson Jury Trial, with Lost Records of same._

or any other relief to which petitioner may be entitled.

Pro Se: /s/ Terry Leon Carr #142607

Signature of Attorney (if any)

P.O. Box 5107
Union Springs, AL. 36089

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on __June 19th___ __2006__ (month, date, year):

Proof of Service

Executed (signed) on __June 19th__ (date). __2006__

Pro Se: /s/ Terry Leon Carr #142607

Signature of Petitioner

P.O Box 5107
Union Springs, AL. 36089

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition. __Does Not Apply; etc.__

* * * * *