RECEIVED
2006 JUN 20 A 10: 01
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

In The United States Federal District Court For Middle District
P.O. Box 711, Montgomery, AL. 36130

CV. 3:06CV547-MHT

EXHIBIT "A"

TERRY LEON CARR # 142607
Petitioner

vs

State of Alabama
Respondents

Petitioner Traverse In Support of His Habens Corpus Petition, Pursuant 28 U.S.C. 2254, f.r.c.p. 8(a)(2) On Merits, f.r.c.p 56(e)

Affidavit

I.

The Petitioner Is Over the Age of Twenty-One And Compentant to Testify By His writ Ad Testicum to His 2254; Genuine Issues

I

Whether the Trial Court for the Lee County Jurisdiction, Should Have Knowned They were Not Allowed to Use A Baton Vs. Kentucky Jury Voired, And failure to Give the Instruction By Same Jury Trial, Violated Petitioner Rights.

-1-

Table of Citations                                         Page(s)

Presier v. Rodriquez, 411 U.S. 448-487 (28 U.S.C 2254 — — — — — — — — — — — — — — — — — — — — — 1, 2

I.
Whether Habeas Corpus Is Available to Effect discharge from any Confinement Contrary to the Constitutions or fundamental Law, Even Though Imposed Pursant to Conviction By a Court of Competent Jurisdiction

Alabama Code 1975
    Title 13A-6-4, Code 1975 — — — — — — — — — 2,

II.
The Relevant Inquiry was Confined to determining Simply whether or Not the Commiting Court had Juris-diction?

Ex parte Kearney, 7 Wheat 38, 5. L.Ed 391 (1822) — — — — — — — — — — — — — — — — — — — — — — 2,

Ex parte Watkins, 3 Pet 193, 7 L.Ed 650 (1830) — — — — — — — — — — — — — — — — — — — — — — 2,

## Statement of Case

Over the years, the writ of Habeas Corpus evolved as a Remedy available to effect discharge from any confinement, contrary to the Constitutions, or fundamental law, Even Though Imposed, <u>Pursuant to Conviction</u> By a Court of Competent Jurisdiction

### III

Whether any Batson Jury sitting unConstitutional, Had any Authority to Render any Verdict?

Jurisdiction:
28 U.S.C. 2254

Give the United States Federal Courts wide Jurisdiction i.e. to fashion [A] Remedy available to Effect discharge from any Confinement,

see, <u>Ex parte Kearney</u> 7 Wheat 38, 5 L.Ed 391 (1822)

Ex parte Watkins, 3 Pet 193, 7 L.Ed 650 (1830) Over the years, the writ of Habeas Corpus evolved as a Remedy available to Effect discharge from any Confinement

See Attached:

- 3 -

Statement of Facts

Count ONE: CC-85-745

The Grand Jury of said County of Lee, charge that before the finding of this Indictment, e.g. Terry Leon Carr, Alias Terry Leon Carr, whose True Christian Name Is otherwise Unknowned to the Grand Jury, did Intentionally Cause the death of Another Person, 13A-6-4(2) Having Been Identified As George William Woods, Count ONE By stabbing Him with A knife, In Instructional Violation 13A-6-2

Count TWO: CC-85-745

The Grand Jury Sitting In Violation of Batson By the Jury Beening All White, Charge that Before the finding of this Indictment, Terry Leon Carr, Alias Terry Leon Carr, Whose True Christian Name Is otherwise Unknowned to the Grand Jury, did Intentionally Cause the Death of Another Person, B/M Deceast Identified As George William Woods By Stabbing Him with A knife, In Violation At All Elements 13A-6-3, Code 1975

Count THREE CC-85-745

III.

The Grand Jury of said County (Lee) charged that before the finding of this Indictment A.K.A. Terry Leon Carr, Alias Terry Leon Carr, whose True Christian name Is otherwise unknowned to the Grand Jury, did Intentionally cause the death of Another Person, Identified As George William Woods, By Stabbing him with a Knife, In Violation 13A-6-4 (C) Code of Alabama 1975

Authorties

Chavers v. State, 361 So.2d 1106 through 1107 Contends when a Person Is Charged with Murder, the Trial Judge must Instruct on All the Elements of Murder, 13A-6-2, 13A-1-9(a) 13A-6-3, 13A-6-4 (C) and the failure to do so, Recalls for Reversal, 28 U.S.C. 2254

Facts

The Accused, must know without a Reasonable Doubt what he Is Called upon to defend Against, whether Involuntarly Manslaughter? Is [A] felony? 2t, 13A-6-4 (a)(C) Const Amendment 6th.

- 5 -

Issues:

I.

When the Trial Court failure to Instruct on All the Elements of Constitution Lesser-Degree of Criminally Negilent Homcide, did the Trial Court Error, By their Batson Error Additional to Instruct on All the Elements of Involuntarly manslaughter?

Info: See Chavers v. state 361 So. 2d 1106-1107
Exparte Chaver v. State Additional
RE: E-g.

II

When A Convicted Defendant failed to file an Appeal Due to the Court Beening In Reciept of Loseing the Batson Jury Voired Transcript, whether Same made Any Appeals, Untimely, as Same was Not, the Procedural Default of the Prose Petitioner See <u>Steckland v. Washington</u>, 466 US At 668 when Counsel Is Unethical By Seeing that And All white Jury were Sitting In-Violation, of Batson, Counsel Should Have moved for misTrial, <u>Brady v. United States Supra</u>. [4]

- 6 -

ISSUES

## III, IV,

whether the Involuntary manslaughter of George William Woods was A felony, 28 U.S.C. 2254 U.S.C.A. 6th, 14th e.g. Presier v. Rodriguez, 411 U.S. At 488 448 at 449 28 U.S.C. 2671 et seq., Title 15-19-1, Code 1975, the Retroactive Issue would suggest, A Baton Jury was Empaneled for youthful offender By Charge of Involuntary manslaughter 13A-6-4 (c)

## V.

whether the writ Ad Testicum Is the Proper Remedy to Be Invoked for Release from Any Unconstitutional Confinement, 411 U.S. 487 F.R.C.P.-8(a)(2)


## Certificate of Service

I, Terry Leon Carr #142607 did Hereby Compleate and forward Same Traverse with His 28 U.S.C. 2254 In the United States Federal Court At Their Address P.O. Box 711 United States Federal Court Montgomery, Alabama 36130

By Delivering Same to Respondents At
11 Union Street
Legal Division
Montgomery, AL. 36130

Done this June 19th day, 2006, By dispositing Same In United States Mail Postage Paid

Proof of Service:

c/o Respondents:
c/o Petitioner:
c/o U.S. Clerk;
Middle district
Court

/s/ Terry Leon Carr #142607
P.O. Box 5107 Dorm 1-16
Bullock Mental Health Fac.,
Union Springs, AL.
36089

-8-